Caruthers, J.,
delivered the opinion of the Court.
On the llth of July, 1830, John Y. Bayless, the husband of plaintiff, made an exchange of slaves with one John P. King, in the State of Georgia. King,by the the direction of Bayless, by deed of that date, conveyed the slaves, Jack, Ledy, Lucy and Peggy, to the said Bayless, in trust, for the separate use of complainant. The deed was registered according to the laws of Georgia, about the first of January, 1881, in Columbia County, Georgia, where the parties then resided. Bayless and his wife, soon after that, moved to Tennessee with said slaves. On the 4th of May, 1835, Bayless sold three of said slaves — Jack, Sedy and Peggy — to George H. Elcan, who has died since the commencement of this suit, and the same has been revived against Ms administrator. Under this sale, the slaves went into the possession of Elcan, and were claimed and used by him as his own, from that time, until the filing of this bill, in 1852. He sold some of the slaves to others in the mean time, and no doubt seems to have existed, as to the title, either by himself, or others. The complainant, with full knowledge of the sale, made no question or complaint, until the filing of this bill. But there is no evidence, that she, in any way, advised or encouraged, or participated in the sale. Her husband was unthrifty, and now, in her old age and destitution, files this bill for the recovery of her legal rights. *98 She files a copy of the deed of King, as recorded in Geoi’gia, and also the original, found in common law form.
Her claim is resisted upon the following grounds:
1st. That the deed was not proved and recorded, as required by the laws of Georgia, and the Statutes and Decisions of that State, are introduced. We think this position is untenable ■ but, if it were not, the production and proof of the original would specify the defect. There is no provision in our registration laws, requiring that such papers, coming from another State, shall be registered here to give them validity, even against purchasers or creditors.
2. That the slaves given in exchange for those in controversy, belonged to the husband, and the title, made as it was, to defeat his creditors, as he was then much involved. It is a sufficient answer to tbis objection to say, that no creditor is here complaining, and that it is entirely immaterial, upon what grounds the equitable title was vested in the complainant, whether by the husband, by way of settlement or by King, under his procurement. It would be good in any event, except against creditors. So, a valid title was vested by the deed, in the complainant, and the husband only, held the naked legal title for her benefit. It is true, that it is a hard case on defendant, as it seems, from what appears to us, that a fair consideration was paid by defendant, and that there was no actual notice of the defects in the title, but still the vendor had no right, and could convey none. The purchaser should have been more cautious than to buy from a stranger, without investigating his title. The maxim of caveat emptor, applies in such a case. His misfortune cannot *99 add any strength to the title purchased, nor defeat that of complainant.
The question is, who has the best right, according to the rules of law, applicable to the facts of the case.
3. The Statute of limitations is relied upon as a defense. The defendant held and claimed the slaves under his purchase, for seventeen years before this suit; this would give him a perfect title, and bar the complainant, unless she is embraced by the savings of the Statute. She has been, all the time, and is yet, under the disability of coverture. But it is insisted that the trustee, her husband, in whom the legal title was vested, was bound to sue in the prescribed time, or he would be barred, and that where the trustee is barred, so is the cestue que trust, without regard to disability. This is certainly true, in cases to which the principle applies. But, tlris is not such a case. It was applied in Williams vs. Otey, 8 Hum., 569: that was a case where the trustee, having the right and power to sue a wrong doer, who converted the property, failed to do so. In Herron vs. Marshall, 5 Hum., 443, the same principle is announced; but the Court there excepts from its operation, cases, where the trustee, from any legal causes, incapable of suing, or under disability at the time the cause of action accrued. In that case, the Court says, that “the trustee is not capable, because estopped by his own sale, and the cestue que trust is not bound to sue until his disability is removed.” In the case before us, the trustee could not sue, because he will be estopped by his own bill of sale, and consequently, the complainant’s right was saved until her disability is removed. There *100 fore, the Statute of limitations is not in the way of the assertion of complainant’s rights.
It is said, that she was aware of the sales and invasion of her rights, and should have asserted them sooner; that may all be very true, but still, as we have seen, time does not operate against her claim, and the delay cannot, in law, affect her; she may choose her own time to sue during her disability, or wait until it is removed; we think, therefore, that the decree in her favor, was right.. The defendant is made to account for the value of the slaves commuted, with interest, and to pay hire, and to deliver up those still in possession. But, as the title of Elcan, whether? good or bad, to those remaining in his possession at the time of his death, passed by law to his heirs, they should be made parties. • True, we hold that his title was not good, as against complainant; but such as he had, descended to his heirs, and they have a right to be heard before it is divested. For this purpose, the cause will be remanded, and the heirs of Elcan made parties before final decree. This is necessary for the purpose of closing and making final and conclusive the litigation ; for, otherwise, as they would not be bound by the decree, (as they are not before the court,) they would have a right to re-open the controversy. A decree will be entered in conformity to this opinion, and the cause remanded. ■ On account of the great delay of complainant in asserting her rights, and the absence of all fraud on the part of defendant, she will pay all the costs here and below, or rather, they will be reserved out of the fund for hire, or otherwise.